UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

RAMON J. MARTIN,          )
                          )
    Plaintiff,            )     No. 5:15-CV-234-REW
                          )
v.                        )
                          )     MEMORANDUM OPINION AND
DENNIS JOHNSON,           )            ORDER
                          )
    Defendant.            )

\*\*\* \*\*\* \*\*\* \*\*\*

Plaintiff Ramon Martin, post-trial and post-Judgment entry, renewed his motion for judgment as a matter of law. DE #88 (Motion).[1] Defendant Dennis Johnson responded in opposition. DE #90 (Response). Martin replied. DE #91 (Reply). The matter is ripe for consideration. For the following reasons, the Court **DENIES** DE #88. Reasonable jurors, on the record developed at trial, would have (and had) a legally sufficient evidentiary basis to find for Dennis Johnson. There is likewise no basis for a new trial or to alter or amend the judgment. Martin is, accordingly, entitled to no relief.

*Background*

After two days of trial, *see* DE ##85 & 86 (Minute Entry Orders), the Court denied Martin's oral motion for judgment as a matter of law, made under Fed. R. Civ. P. 50(a), following the close of the proof. *See* DE #86. In this situation, Plaintiff "may file a renewed motion for judgment as a matter of law" no later than 28 days after judgment entry. Fed. R. Civ. P. 50(b); *see also* DE #86 (noting the Court denied the oral Rule 50(b)

---

[1] The document is nominally a renewed motion for judgment as a matter of law, a motion for a new trial, and a motion to alter and amend the judgment. *See* DE #88.

motion without prejudice to Martin filing a proper written motion). Plaintiff here complied with the applicable time limitation and has filed an appropriate Rule 50(b) motion. The motion is also nominally a motion for a new trial and a motion to alter or amend the judgment. A Rule 50(b) movant properly "may include an alternative or joint request for a new trial under Rule 59."

*Standards*

Judgment as a matter of law is appropriate only when "a reasonable jury would not have a legally sufficient evidentiary basis to find for [a] party on" a particular issue. Fed. R. Civ. P. 50(a)(1). "Judgment as a matter of law may only be granted if, when viewing the evidence in a light most favorable to the non-moving party, giving that party the benefit of all reasonable inferences, there is no genuine issue of material fact for the jury, and reasonable minds could come to but one conclusion in favor of the moving party." *Balsley v. LFP, Inc.*, 691 F.3d 747, 757 (6th Cir. 2012). The Court "may not weigh the evidence, question the credibility of witnesses, or substitute [its] own judgment for that of the jury." *Smith v. Rock-Tenn Servs., Inc.*, 813 F.3d 298, 306 (6th Cir. 2016). Stated another way, judgment as a matter of law is appropriate only when, construing the evidence in the light most favorable to the nonmoving party, "there is a complete absence of fact to support the verdict, so that no reasonable juror could have found for the nonmoving party." *Kiphart v. Saturn Corp.*, 251 F.3d 573, 581 (6th Cir. 2001) (quoting *Moore v. KUKA Welding Sys. & Robot Corp.*, 171 F.3d 1073, 1078 (6th Cir. 1999)).

Under Rule 59, "[t]he court may, on motion, grant a new trial on all or some of the issues—and to any party—after a jury trial, for any reason for which a new trial has heretofore been granted in an action at law in federal court[.]" Fed. R. Civ. P.

2

59(a)(1)(A). The Rule likewise contemplates a motion to alter or amend the judgment. *Id.* 59(e).

Presented with a Rule 59(a) motion, a "new trial is warranted when a jury has reached a 'seriously erroneous' result as evidenced by: (1) the verdict being against the weight of the evidence; (2) the damages being excessive; or (3) the trial being unfair to the moving party in some fashion, i.e., the proceedings being influenced by prejudice or bias." *E.E.O.C. v. New Breed Logistics*, 783 F.3d 1057, 1066 (6th Cir. 2015). "When a party requests a new trial on the ground that the verdict is against the weight of the evidence, [the Court] will uphold the jury verdict if it is one the jury reasonably could have reached; [the Court] cannot set [the verdict] aside simply because [it] think[s] another result is more justified." *Id.* (internal quotation marks removed).

"A Rule 59(e) motion must present newly discovered evidence or clearly establish a manifest error of law." *D.E. v. John Doe*, 834 F.3d 723, 728 (6th Cir. 2016); *see also Roger Miller Music, Inc. v. Sony/ATV Publ'g, LLC*, 477 F.3d 383, 395 (6th Cir. 2007). "A court may grant a Rule 59(e) motion to alter or amend if there is: (1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest injustice." *Intera Corp. v. Henderson*, 428 F.3d 605, 620 (6th Cir. 2005).

*Analysis*

*Motion for Judgment as a Matter of Law*

Viewing the evidence at trial in the light most favorable to Johnson, the non-movant, and giving Johnson the benefit of all reasonable inferences, reasonable jurors could have found in his favor—and obviously did so in this case. There is no "complete

3

absence of fact to support the verdict." *Kiphart*, 251 F.3d at 581. Quite to the contrary—the parties presented the jury with competing narratives of the events of the March 16, 2015, Martin-Johnson encounter. Indeed, the parties presented directly opposing proof on the critical question of the content of the communication between Johnson and the McClendon insurance agency that day.

The Court presided over the entire trial, heard every stitch of testimony, and saw all proof presented. Johnson testified that he called the McClendon insurance agency from his cell phone (at the number Martin gave him) following his encounter with Martin and that a representative explicitly told him that Martin did **not** have current motor vehicle insurance. This is consistent with the Complaint that Johnson filed against Martin. *See* DE #73-1, at 2 ("Officer Johnson attempted to contact [Martin]'s insurance carrier and was advised he had never had coverage with them."). This is also reasonably inferentially consistent, as the defense argues, with Johnson making a lengthy 19-minute phone call to the agency on the day in question, as his phone records support.

A reasonable jury certainly could credit Johnson's testimony and the related supporting proof as accurate.[2] If a reasonable jury believed Johnson, it surely could find that, at the time of Complaint initiation, he had probable cause to believe that Martin had violated Kentucky's motor vehicle insurance requirement.[3] That is—a reasonable jury

---

[2] Additionally, a reasonable jury could discredit the McClendon and Rucker testimony, given the inconsistencies with the other proof (call length, call date, identity of caller) that Johnson noted. Assessing witness credibility is solely the jury's province. Likewise, a reasonable jury could view the McCord testimony concerning Johnson's anger as corroborating Johnson's story that, at the time, he felt that Martin had lied to him concerning insurance status.

[3] In Kentucky, owners of motor vehicles must maintain adequate automobile insurance. *See* KRS 304.39-090; KRS 304.99-060. An owner who fails to properly maintain insurance on a vehicle can face criminal charges and punishment (including, for a first

could find that Johnson had a reasonable basis to believe that Martin did not properly have insurance based on the insurance carrier (whose name and contact information Martin himself provided to Johnson) specifically advising that Martin did not, in fact, have insurance. A reasonable jury could conclude that Johnson affirmatively investigated the case, pursuing the direct lead Martin gave him, and that the facts, at the time, reasonably revealed to Johnson that Martin had violated (and indeed was violating) Kentucky law by failing to have motor vehicle insurance. If the jury found that Johnson had probable cause to initiate the Complaint (a justifiable conclusion on this record), that defeats Martin's malicious prosecution claim. *Sykes v. Anderson*, 625 F.3d 294, 308-09 (6th Cir. 2010).[4]

Martin's chief argument, though, is that Johnson querying the AVIS database for Martin insurance status is a necessary predicate to a probable cause determination. DE #88, at 3-5. Martin cites no authority for this distinct proposition, and the Court declines to impose such a specific investigatory step as a necessary probable cause predicate— probable cause is a common-sense, "fluid," "practical," and "nontechnical" analysis that looks (through an objective prism) to the totality of the circumstances known to Johnson at the time. *Maryland v. Pringle*, 124 S. Ct. 795, 799-800 (2003); *Illinois v. Gates*, 103 S. Ct. 2317, 2331-33 (1983).

---

offense, not more than 90 days in jail). This makes the crime a Kentucky class B misdemeanor, KRS 532.020(3); KRS 532.090(2); KRS 431.060(2), an arrestable offense. KRS 431.005(1)(d). Proving a failure-to-maintain-insurance crime requires competent proof that the defendant had no insurance in effect at the time of the alleged crime. *Kilburn v. Commonwealth*, No. 2012-SC-000494-MR, 2014 WL 1514622, at *5 (Ky. Apr. 17, 2014).

[4] Regarding some of Martin's reply arguments, *see* DE #91, affirmatively proving lack of probable cause by a preponderance of the evidence was a required element of his claim. *Sykes*, 625 F.3d at 308-09 ("[T]he plaintiff must show that there was a lack of probable cause for the criminal prosecution[.]"); DE #84 (Jury Instructions), at 17.

"The Constitution does not guarantee that only the guilty will be arrested." *Baker v. McCollan*, 99 S. Ct. 2689, 2695 (1979). While officers may not "simply turn a blind eye toward potentially exculpatory evidence known to them in an effort to pin a crime on someone," *Radvansky v. City of Olmsted Falls*, 395 F.3d 291, 305 (6th Cir. 2005), neither must they "investigate further or to look for additional evidence which may exculpate the accused." *Id.* at 308. Indeed, "a policeman is under no obligation to give any credence to a suspect's story nor should a plausible explanation in any sense require the officer to forego arrest pending further investigation if the facts as initially discovered provide probable cause." *Id.* (alterations omitted). Officers generally are not "liable for evidence which they failed to collect and, therefore, of which they were unaware." *Ahlers v. Schebil*, 188 F.3d 365, 372 (6th Cir. 1999). Even if an officer's "investigation . . . was no model of thoroughness and left many reasonable sources of evidence unexplored," he may yet have probable cause. *Id.*

Regardless, in a striking omission that the Court observed during trial, and as Johnson persuasively argues in response, DE #90, at 2-3, Martin did not question Johnson on the stand concerning (1) his ability to query AVIS from his cruiser and (2) whether, in fact, he did query AVIS as to Martin. Thus, the Court and the jury have no specific evidence concerning whether Johnson did perform the AVIS search (again, he was never asked) or whether Johnson was even capable, given any technical limits of his cruiser that day, of performing the additional investigation Martin alleges should be required. In fact, Kentucky law phrases AVIS access to an investigating officer as only a possibility. KRS 304.39-117(3) ("*if* the peace officer has access to the database through AVIS" (emphasis added)).

6

Additionally, Martin in no way explains how his proposed required-AVIS-check would work, in reality, in this particular situation. Thus, Johnson testified (viewing the evidence in the light most favorable to the non-movant) that Martin gave him the McClendon insurance contact information and that he (Johnson) believed that Martin was telling the truth regarding insurance status. Accordingly, Johnson let Martin freely leave the scene. Only later, after Johnson called the agency and a representative told him that Martin had no insurance, did Johnson determine he had probable cause to file a Complaint against Martin. Does Martin propose that Johnson was required to affirmatively later re-locate him (in what way?) to obtain information necessary to query AVIS? Does Martin propose that Johnson was required to hold him at the accident scene pending an AVIS check, even when Martin confidently asserted possessing current insurance? Plaintiff is not clear on any of the details or practical implications.

This is all ultimately irrelevant, though, because Johnson "had no duty to investigate further once probable cause was established." *Sussman v. Dalton*, 552 F. App'x 488, 493 (6th Cir. 2014). A reasonable jury could conclude that Johnson had probable cause when the insurance agency (whose contact information Martin gave him) advised that Martin had no insurance. Martin identified and gave the contact information for his carrier, and the designated contact source denied that Martin had coverage. Johnson affirmatively investigated the possible crime, and at that moment had a reasonable basis to believe that Martin had violated Kentucky law. A "failure to [take additional investigatory steps] is, as a legal matter, not material to the finding of probable cause." *Id.* As already noted, "probable cause cannot be defeated on the basis of

7

knowledge that an officer does not actually have." *Id.*[5] Officers have "no duty to sift through records . . . for potentially exculpatory evidence before applying for a warrant." *Stahl v. Czernik*, 496 F. App'x 621, 626 (6th Cir. 2012). Such a requirement "would waste valuable time and resources, and impede the police's ability to make a timely arrest." *Id.* (stating that although an officer "might have conducted a more thorough investigation," a "failure to find information" is not a basis for a § 1983 claim). Here, in accordance with the Sixth Circuit's case law, a jury reasonably could conclude that Johnson had probable cause even if he "left many reasonable sources of evidence unexplored." *Ahlers*, 188 F.3d at 372.

The case presented a stark factual question for the jury to decide,[6] and, given the proof and testimony, reasonable minds could certainly differ and come to different conclusions on the ultimate probable cause question (and the critical facts underlying that determination)—which is all that is required to deny the renewed motion for judgment and uphold the jury's verdict. The jury is entitled to "cho[o]se to accept" either side in a case when presented, as here, "with conflicting evidence." *Wells v. New Cherokee Corp.*, 58 F.3d 233, 237 (6th Cir. 1995). There is ample evidence to support the verdict here, and

---

[5] Additionally, as the Sixth Circuit noted in a somewhat similar case, "[i]t is unfortunate that the innocent [Martin] was arrested, but it appears from the record that h[is] arrest was the result of bad luck rather than [Johnson]'s deliberate overreaching." *Sussman*, 552 F. App'x at 494.

[6] *See also* DE #20 (Memorandum Opinion & Order), at 4-5 (noting, at the qualified immunity stage of the case, "a critical issue of disputed fact—whether Johnson called Nationwide at the scene of the accident and confirmed current Martin insurance coverage through McClendon and / or Rucker").

8

reasonable jurors easily could have found for Johnson based on all the evidence presented at trial.[7]

The case presented vexing questions. On the one hand, why would Johnson freely allow Martin to leave and then later concoct false information (in the face of alleged confirmation of coverage) to support probable cause? On the other hand, why would the agency deny that Martin had insurance when in fact his coverage was in force? The jury had to sort through the stories, weigh the competing credibility, and make its findings under the Court's instructions. The call timing and duration, the consistency of versions, unexplained questions from the agency testimony (such as VIN access, call duration, caller identification), and the presence or absence of other witness motives may have played a part in the jury's calculus—a calculus it alone sets when performing within reasonable, plausible limits. Martin rejects the result, but a jury's choice between competing stories is the essence of the sacred fact-finding role entrusted to that body. The jury defensibly performed its function here.

*Motion for a New Trial and Motion to Alter or Amend the Judgment*

The considerations above largely, but not completely, resolve Martin's two embedded motions: for a new trial and to alter or amend the judgment, under Rule 59.

Martin raises an "additional ground" to support his motion for a new trial: that the "overwhelming evidence" at trial demonstrated that Johnson did not have probable cause to initiate the Complaint and, accordingly, that the verdict "must be based on prejudice

---

[7] Obviously, the jury here did, in reality, find for Johnson. DE #81 (Verdict). In fact, the jury form reflects that it specifically (and unpromptedly) wrote "No" next to the "lack of probable cause" element in Instruction No. 14. *See* DE #80, at 17.

9

against Plaintiff Martin and/or sympathy for Defendant Johnson[.]" DE #88, at 5, 8 (referencing a "mountain of evidence against Defendant Johnson").

The Court rejects these assertions out of hand. Regarding Martin's "overwhelming evidence" or "mountain of evidence" arguments, "[w]hen a party requests a new trial on the ground that the verdict is against the weight of the evidence, [the Court] will uphold the jury verdict if it is one the jury reasonably could have reached; [the Court] cannot set [the verdict] aside simply because [it] think[s] another result is more justified." *New Breed Logistics*, 783 F.3d at 1066. Here, for all the reasons discussed above, the verdict in this case is one the jury reasonably could have reached. Accordingly, the Court must uphold it. *Id.*

Regarding Martin's claim that the jury must have based the verdict on prejudice against Martin or sympathy for Johnson, he cursorily invokes one of the Rule 59 bases, but he provides nothing to persuade the Court that the jury acted with bias or improper sympathy. Instead, as already discussed, the jury reasonably could have credited Johnson's testimony, and the other supporting proof, discounted certain other testimony and proof, and determined that Johnson had probable cause to seek a Complaint against Martin after finding that the insurance agency advised that Martin did not have motor vehicle insurance. The jury had a stark choice to make, and the evidence presented could have reasonably supported either conclusion. Indeed, as to the bias / sympathy claim, the Court instructed the jury that all litigants stand equal before the law and that the jury must treat Martin and Johnson as "persons of equal standing." DE #84 (Jury Instructions), at 14. The Court also instructed that the jury "must consider *only* the evidence [the Court] ha[s] admitted in the case"—*id.* at 1 (emphasis added)—not any other improper factor.

The jury reasonably chose between the record-supported stories, and Martin has not demonstrated any improper bias or sympathy undergirding the jury's evidence-based decision-making.[8]

With those specific claims dispatched, the Court perceives no additional basis for a meritorious Rule 59(a) motion. There were, for instance, no excessive damages (indeed, no damages at all) in this case, and Martin identifies (and the Court sees) no other basis for the trial being unfair. Accordingly, for the reasons discussed, the Court denies Martin's effort to obtain a new trial under Rule 59(a).

Likewise, the Court sees utterly no basis for a Rule 59(e) motion. Martin here presents no newly discovered evidence. He also, for all the reasons discussed previously, fails to clearly establish a manifest error (or, really, any error) of law, an intervening change in controlling law, or a need to prevent manifest injustice. Accordingly, the Court denies Martin's attempt to alter or amend the judgment under Rule 59(e).

*Conclusion*

For all these reasons, the Court wholly **DENIES** DE #88.

This the 14th day of November, 2016.

Signed By:
*Robert E. Wier* REW
United States Magistrate Judge

---

[8] As to Martin's timing concerns, DE #88, at 6-7, Johnson offered a plausible explanation of a possible paperwork discrepancy at trial, which the jury reasonably could have credited. Additionally, the jury did not deliberate for "less than an hour." *Id.* at 8. The jury deliberated for an hour and a half. DE #86 (Minute Entry).